UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LaShaun Marquis Young, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>Mark Zuckerberg, et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01710-APG-DJA<br><br>**Report and Recommendation** |

　　　This matter is before the Court on *pro se* Plaintiff Lashaun M. Young's application to proceed *in forma pauperis.* (ECF No. 1). The Court finds that Plaintiff's application is incomplete. Under question two, Plaintiff asserts that he is not incarcerated, but is employed. (ECF No. 1 at 1). Later, however, Plaintiff suggests that he is not employed. *See id.* at 1. Under question seven, Plaintiff claims that no persons are dependent on him for support, but then lists his mother. *See id.* at 2. As a result, the Court cannot determine whether Plaintiff is eligible to proceed *in forma pauperis*, however, given the flaws in his complaint, the Court will recommend that his application be denied as moot.

　　　18 U.S.C. § 1915(d) gives the Court the power to dismiss "claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Plaintiff has failed to state any sort of cognizable claim. The Court cannot decipher any logical set of facts in his submission or any rights that may have been violated. Rather, Plaintiff's complaint is largely incomprehensible. Plaintiff—on behalf of himself and Neisha Walker, Loretta Young, and his company Theology of Time, Inc.—sues Mark Zuckerberg, Louis Farrakhan, George W. Bush Jr., Barack Obama, Elon Musk, Jeff Bezos, Bill Clinton, Hillary Clinton, and Donald Trump. (ECF No. 1-1 at 1-3). Plaintiff appears to allege that he has discovered a conspiracy "relating to the economic and stimulus relief bills by the U.S. technological institutions" and Defendants. *See id.* at 6-7. As purported evidence of this conspiracy, Plaintiff attaches what appear to be Central

Office Administrative Remedy Appeal requests that he filed with the Federal Bureau of Prisons that were returned rejected. *See id.* 8-12. In them, Plaintiff appears to assert that the Defendants eavesdropped on him, cyberstalked him, stole his business ideas, and denied him access to mail and the courts. *See id.* The Court concludes that this case lacks an arguable basis in law and fact. As Plaintiff's complaint is factually incomprehensible and does not set forth a plausible claim, it should be dismissed without leave to amend as it is apparent that amendment is futile.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed** and that Plaintiff's application to proceed *in forma pauperis* be **denied** as moot.

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 20, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE